UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK N.A., | Case No. 1:24-cv-00740-HBK |
| Plaintiff, | ORDER TO ASSIGN TO DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT[1] |
| MAJOR SINGH, | |
| Defendant. | (Doc. No. 10) |
| | 14 DAY OBJECTION PERIOD |

Pending before the Court is Plaintiff BMO Harris Bank N.A.'s Motion for Default Judgment filed pursuant to Federal Rule of Civil Procedure 55(b)(1) on September 26, 2024. (Doc. No. 10, "Motion"). Plaintiff submits the declarations with exhibits in support of its Motion. (Doc. Nos. 11, 12). Defendant Major Singh has not answered or responded to the Complaint, nor has Defendant filed any opposition or taken any action in this case. Having considered the moving papers, declarations, attached exhibits, and applicable law, the undersigned recommends that the district court grant Plaintiff's Motion for Default Judgment.

---

[1] This Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19) (E.D. Cal. 2019). The Court previously found the Motion suitable for decision without argument. (Doc. No.13).

# I. BACKGROUND

On June 24, 2024, Plaintiff BMO Harris Bank N.A. ("Plaintiff") filed a complaint against Defendant Major Singh ("Defendant"). (Doc. No. 1, "Complaint"). Plaintiff is a national association with its main office located in Chicago, Illinois and was in the business of providing financing. (*Id*., ¶¶ 4,7). Defendant is a citizen of California who owns and operates his own commercial company. (*Id*., ¶¶ 5, 6). Doc. No. 1, "Complaint"). The Complaint alleged a breach of contract claim and sought monetary damages, specific performance, and injunctive relief. (*Id*. at 4-8). The Complaint alleges the following facts.

Plaintiff and Defendant entered into a Loan and Security Agreement, whereby Plaintiff agreed to finance on behalf of Defendant the purchase of a 2020 Freightliner Cascadia Series Tractor ("Vehicle") for use in Defendant's commercial trucking business. (*Id*. ¶ 8). A copy of the Loan and Security Agreement, with its subsequent Modification Agreement, is attached to and incorporated into the Complaint as Exhibit 1 (collectively referred to as the "Agreement"). (*Id*. at 10-21). As consideration, Defendant granted Plaintiff a first-priority security interest in the respective Vehicle. (*Id*., ¶ 9).

### A. Loan Agreement and the Security Interests

A Loan and Security Agreement was executed on or about January 8, 2020. (*Id*. at 14). The Loan and Security Agreement provided for the purchase of a 2020 Freightliner Cascadia Series Tractor, Vehicle ID No. 3AKJHHDR6LSKU2196 in the amount of $197,955.00, including interest, pursuant to specified terms and conditions. (*Id*., ¶ 8).

### B. The Modification Agreement

On or about April 24, 2020, a Modification Agreement was executed reaffirming the Loan and Security Agreement with a modified payment schedule, adding interest and fees accrued for Rescheduling. (*Id*. at 16-21). Defendant agreed to pay an increased total amount of $204,407.45, according to precomputed amounts in the initial Loan and Security Agreement. (*Id*.).

### C. Default and Calculation of Judgment

Plaintiff alleges Defendant is in default on the Agreement for his failure to pay the amounts due, beginning with the payment due on September 1, 2023, and all payments due

1 thereafter. (*Id*., ¶12). As a result of the default, Plaintiff has accelerated the amounts due
2 consistent with the terms of the Agreement. In its current Motion, Plaintiff asserts the following
3 amounts on the Agreement are due, which includes principal plus interest, repossession charges,
4 and other fees:

5       a. Principal: $78,712.92;
6       b. Interest and Fees: $12,653.61 (calculated through September 12, 2024), plus
7           $39.36 per day thereafter;
8       c. Repossession Fees: $1,569.69
9       d. Attorney's Fees: $3,152.50
10       e. Costs: $504.68
11       f. Total: $96,593.40

12 (Doc. No. 10 at 6).

13     In support, Plaintiff points to the Agreement, which provides that Defendant must pay all
14 expenses resulting from retaking, holding, preparing for sale, and selling the Vehicle upon
15 default. (Doc. No. 1, ¶ 20, Exhibit 1). Additionally, Defendant is obligated to pay the attorney's
16 fees and costs incurred by Plaintiff in the enforcement of its rights under the Agreement. (*Id*.,
17 ¶22). Plaintiff noticed Defendant of his default and of Plaintiff's election to accelerate the loans
18 evidenced by the Agreement by letter dated June 10, 2024. (*Id*., ¶ 25, Exhibit 4). Plaintiff
19 demanded Defendant to pay the amount due and surrender the Vehicle. (*Id*.). Defendant did not
20 pay the amount due and owing under the Agreement, and Plaintiff has retaken possession of the
21 Vehicle.[2] (*Id*., ¶ 24). Plaintiff intends to resell the Vehicle in a commercially reasonably manner
22 and will provide credit of the net proceeds to Defendant. (*Id*., ¶ 24).

23     Plaintiff served Defendant with Plaintiff's Complaint on July 6, 2024. (Doc. No. 6).
24 After Defendant failed to appear or answer, Plaintiff requested and obtained a clerk's entry of
25 default under Federal Rule of Civil Procedure 55(a) on August 19, 2024. (Doc. Nos. 7, 8). On
26 September 26, 2024, Plaintiff moved for default judgment on its breach of contract claim in the

27

28 ---
[2] At the time the Complaint was filed, Plaintiff had not yet taken possession of the Vehicle. (Doc. No. 1 at 4, ¶23).

3

amount of $96,593.40 against Defendant.  (Doc. No. 10).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 55(b)(2) allows the court to enter judgment against a party following the clerk of court's entry of default under 55(a).  The court cannot enter default judgment if the defendants were not properly served.  *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).  If the court determines service was proper, the court must undertake an analysis applying the "*Eitel*" factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) before entering a default judgment.  Specifically, the court considers the following factors: (1) the potential prejudice to the plaintiff, (2) the underlying claim's merits and sufficiency, (3) the amount of money at stake, (4) the possibility of a factual dispute, (5) whether the default resulted from excusable neglect, and (6) the court's overriding preference to issue decisions on the merits.  (*Id*).

After the clerk enters a default, the court shall accept "as true all factual allegations in the complaint, except those as to the amount of damages."  *Yoon Chul Yoo v. Arnold*, 615 F. App'x. 868, 870 (9th Cir. 2015); Fed. R. Civ. P. 8(b)(6).  Allegations about "the amount of damages must be proven."  *Strojnik v. JW World Enterprises, Inc. Best W. Bakersfield N.*, 2021 WL 22137, at *1 (E.D. Cal. Jan. 4, 2021).  The court also does not accept facts that are not well pled or statements that constitute conclusions of law.  *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012).  Ultimately, the decision of whether to grant a default judgment lies within the discretion of the court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

## III. ANALYSIS

A.  <u>Jurisdiction</u>

The Complaint invoked this Court's jurisdiction under 28 U.S.C. § 1132(a)(2).  (Doc. No. 1, ¶ 2).  Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States . . ."  28 U.S.C. § 1332(a)(1).  The amount in controversy "encompasses all relief a court may grant . . . if the plaintiff is victorious."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th

1   Cir. 2018). Additionally, it represents "the *maximum* recovery the plaintiff could reasonably
2   recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). The amount in
3   controversy is calculated based on the well-pleaded allegations in the complaint. *See Chavez*, 888
4   F.3d at 416. Here, the amount in controversy is satisfied as the Complaint seeks monetary
5   damages of $78, 712.92 in principle alone. (Doc. No. 1, ¶ 13).

6   Regarding the diversity prong, national banking associations are "deemed citizens of the
7   States in which they are respectively located." 28 U.S.C. § 1348. For purposes of diversity, a
8   bank is "located" in the state designated in its articles of association as its main office. *See*
9   *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Under § 134, a national banking
10  association is a citizen only of the state in which its main office is located. *See Rouse v.*
11  *Wachovia Mortg.*, FSB, 747 F.3d 707, 709 (9th Cir. 2014). Plaintiff states its main office in the
12  articles of association is in Chicago, Illinois. (Doc. No. 1, ¶ 4). Therefore, for purposes of
13  diversity jurisdiction, Plaintiff is located in Illinois and is a citizen of Illinois. *See Wachovia*
14  *Bank*, 546 U.S. at 318.

15  Individuals are deemed to be citizens of the state in which they are domiciled. *See Kanter*
16  *v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). According to the Complaint,
17  Defendant Singh "is a citizen of the state of California residing at 3661 W. Shields Avenue, Apt.
18  179, Fresno, California 93722." (Doc. No. 1, ¶ 5).

19  The Court finds Plaintiff has established that the amount in controversy exceeds the
20  $75,000 threshold as well as complete diversity between the parties named in the lawsuit to
21  satisfy that this Court that has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

22  Additionally, the Court has personal and general jurisdiction over the Defendant given he
23  is domiciled in Fresno, California. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S.
24  915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is
25  the individual's domestic domicile[.]")

26  B.  <u>Defendant Was Properly Served with Process</u>
27  Federal Rule of Civil Procedure 4 sets forth the requirements for service within a judicial
28  district of the United States. Service is effectuated under Federal Rule of Civil Procedure 4(e) by

"following state law for serving a summons . . . in the state where the district court is located or where service is made," or by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1)-(2). Under California law, service of the summons and complaint is permitted by either personal service or by leaving the papers with a "competent member of the household or a person apparently in charge of his or her office [or] place of business," among other methods. Cal. Code Civ. P. § 415.10-20. All methods require that the service be handled by an individual who is not a party to the action. (*Id.*).

Plaintiff submits sworn affidavits of service of process that indicate that Defendant was served a copy of the summons and complaint via substituted service in compliance with California law. Specifically, the record reflects that on July 6, 2024, a registered process server left the summons and complaint at 3661 West Shields Avenue, Apt. 179, Fresno, California 93722 with a co-occupant (wife) named Sarbjit Kaur, at least 18 years of age, who was informed of the contents thereof. (Doc. No. 6 at 1). Additionally, on July 9, 2024, a copy of the summons and complaint along with the initial pleadings were also mailed to Defendant at the same address. (*Id*. at 6). Accordingly, the Court finds that Defendant has complied with Rule 4.

After Defendant failed to file a response to the Complaint, Plaintiff moved for and was granted a clerk's entry of default on August 19, 2024 against Defendant. (Doc. No. 8).

    C. <u>Application of the Six *Eitel* Factors</u>

        1. Prejudice to Plaintiff

The Court first considers whether Plaintiff will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, at 1177 (C.D. Cal. 2002). When a defendant neglects to respond to a complaint, a plaintiff lacks means to recover beyond a default judgment. *True Religion Apparel, Inc. v. Jet 2A*, 2009 WL 10671791, at *3 (C.D. Cal. Feb. 11, 2009). Here, the Court finds Plaintiff would be prejudiced if default judgment was not granted because, absent entry of a default judgment, Plaintiff will be without recourse against Defendant, given his unwillingness to participate in the action or pay the amounts due on the contract. (Doc. No. 10 at 8). The "[p]otential prejudice to the plaintiff militates in favor of

granting default judgment." *See Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). The first *Eitel* factor therefore weighs in favor of default judgment.

### 2. The Underlying Claim's Merits and Sufficiency

The court next weighs the merits and sufficiency of Plaintiff's Complaint. Default judgment will only be granted if Plaintiff's Complaint states a claim that supports the desired relief. *Wells Fargo Equip. Fin., Inc. v. Virk Sys., Inc.*, 2021 WL 347408, at *2 (E.D. Cal. Feb. 2, 2021). Plaintiff asserts a breach of contract action as its claim for relief. (*See generally* Doc. No. 1). Under California law, to prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc*., 222 Cal. App. 3d 1371, 1399 (1990).

The Court finds Plaintiff has established each of these elements. Plaintiff entered into a Loan and Security Agreement with Defendant Singh. (Doc. No. 1, ¶ 8). Plaintiff fully performed its obligations under the Agreement by financing Defendant's purchase of the subject Vehicle. (*Id*., ¶ 50). Title for the subject Vehicle is appended to the Complaint and reflects the "Owner" as Defendant Singh and the "Lienholder" as Plaintiff. (*Id*. at 23). Defendant breached the terms of the Agreement by defaulting on his payments. (*Id.,* ¶ 51). Plaintiff's prayer for relief also sets forth its claim for contractual monetary damages, including attorney's fees, interest, and costs. (*Id., ¶¶* 3-5). Thus, the second and third *Eitel* factors support entry of default judgment.

### 3. The Amount of Money at Stake

Plaintiff seeks a default judgment of $96,593.40, which includes $3,152.00 in attorney's fees and $504.68 in costs. (Doc. No. 10-1 at 2). Default judgment is "is disfavored where large amounts of money are involved." *Christofferson v. All Pure Pool Serv. Of Cent. California, Inc.*, 2020 WL 3249323, at *19 (E.D. Cal. June 16, 2020), *report and recommendation adopted sub nom*; *Christofferson, v. All Pure Pool Serv. Of Cent. California, Inc*, WL 3819413 (E.D. Cal. July 8, 2020).

The bulk of Plaintiff's contractual damages consists of the principal amount due from the purchase price of the subject Vehicle, $78,712.92. (Doc. No. 10, ¶ 6). As discussed more fully below, Plaintiff submits evidence in support of its damages claim. The Court does not find this

7

amount to be excessive as it is based upon Defendant's obligations under the terms of the Agreement. As such, the Court finds the fourth *Eitel* factor weighs in favor of granting default judgment.

### 4. The Possibility of a Factual Dispute

The Clerk of Court's entry of default requires the court to accept Plaintiff's well-pled factual allegations as true. Despite being properly served, Defendant did not appear, answer, or otherwise respond. Thus, the only facts before the court are those presented by Plaintiff in the Complaint, which are well-pled and must be accepted as true. There is accordingly no factual dispute. *United Specialty Insurance Co. v. Saleh*, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016). Thus, the fourth *Eitel* factor does not preclude entry of a default judgment.

### 5. Whether the Default Resulted from Excusable Neglect

Defendant was properly served yet has not appeared since service was effectuated. When service is proper it suggests there was not excusable neglect. *USA Truck, Inc. v. Jugan Express Inc.*, 2020 WL 2128387, at *2 (E.D. Cal. May 5, 2020), *report and recommendation adopted*, 2020 WL 3451580 (E.D. Cal. June 24, 2020). The Court therefore finds this fifth *Eitel* factor weighs in favor of default judgment.

### 6. The Court's Overriding Preference to Issue Decisions on the Merits

*Eitel* emphasizes the general rule is that "[c]ases should be decided upon their merits whenever reasonably possible." 782 F.2d at 1472. However, the policy favoring decisions on the merit does not preclude entering default judgment when a Defendant fails to appear because a decision on the merits is not possible. *Arroyo*, 2019 WL 4877573, at *11 (E.D. Cal. Oct. 3, 2019). Therefore, the Court finds the sixth *Eitel* factor does onto preclude entry of default judgment.

In summary, the Court finds each of the above *Eitel* factors weigh in favor of default judgment and recommends default judgment be entered in favor of Plaintiff. Having recommended default, the Court now turns the appropriate measure of damages.

////

////

D. <u>Relief Requested</u>

1. Contractual Damages

The Agreement provides that in the event of default, all indebtedness becomes immediately due and payable. (Doc. No. 11, ¶ 5.2). Further, Plaintiff is entitled to take possession of and dispose of the equipment and to have the debtor pay all interest and expenses incurred, including reasonable attorney's fees associated with the repossession and disposition. (*Id.*). According to the date of default under the Agreement, the principal amount due and owing after acceleration is $78,712.92. (Doc. No. 11, ¶ 5.3). Calculated from the date of default to September 12, 2024, the amount of accrued and unpaid interest, late charges, and other fees due and owing under the Agreement is an amount of not less than $12,653.00 (*Id.*, ¶¶ 16-19, 27). Additionally, Plaintiff is entitled to daily interest under the Agreement until the date when final judgment is entered. In addition, under the Agreement, upon default, Defendant is obligated to pay all expense of retaking, holding, preparing for sale, and selling the Vehicle totaling $1,569.69. (*Id.*, ¶ 20). Plaintiff submits invoices for the costs incurred by Plaintiff in recovering the Vehicle. (Doc. No. 11, Exhibit 3). Calculated as of September 12, 2024, the amount due and owing under the Agreement, not including attorney's fees and costs for this Motion, is an amount not less than $92,936.22. (*Id.* at 5). These requested amounts are supported by declaration and exhibits. (Doc. No. 11). The Agreement and declaration constitute sufficient proof that Plaintiff has sustained damages for the breaches under the Agreement and Defendant has not appeared to oppose the request. The undersigned accordingly recommends judgment in the amount $92,936.22, plus post-judgment interest and attorney's fees and costs, against Defendant.

2. Attorney's Fees and Costs

Plaintiff also seeks $3,152.50 in attorney's fees and $504.68 in court costs under the Agreement for bringing this Motion. (Doc. No. 10, ¶¶ 4-5). "A federal court sitting in diversity applies the law of the forum state regarding an award of attorney's fees." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). California law recognizes contractual provisions allowing the collection of reasonable attorney's fees. Cal. Civ. Proc. Code § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of

9

1  compensation of attorneys and counselors at law is left to the agreement, express or implied, of
2  the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter
3  provided."); *Gil v. Mansano*, 121 Cal. App. 4th 739, 742-43 (2004). Under the Agreement,
4  Defendant is obligated to pay the attorney's fees and costs incurred by Plaintiff in the
5  enforcement of its rights, including expenses of filing and prosecuting this action. (Doc. No. 11 ,
6  ¶ 5.2). Thus, Plaintiff is therefore entitled to recovery of its attorney's fees and costs.

7  To determine a reasonable attorney's fee, or "lodestar," the starting point is the number of
8  hours reasonably expended multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461
9  U.S. 424, 433 (1983). The undersigned, in considering what constitutes a reasonable hourly rate,
10 looks to the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886,
11 895 (1984). The "relevant community" for the purposes of the lodestar calculation is generally
12 the forum in which the district court sits. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th
13 Cir. 2013).

14 The relevant community here is the Fresno Division of the Eastern District of California.
15 In the Fresno Division of the Eastern District of California, across a variety of types of litigation
16 generally, attorneys with experience of twenty or more years of experience are awarded $325.00
17 to $400.00 per hour, attorneys with ten to twenty years of experience are awarded $250.00 to
18 $350.00 per hour, attorneys with five to ten years of experience are awarded $225.00 to $300.00
19 per hour, and less than $200.00 per hour for attorneys with less than five years of experience."
20 *Beard v. Cty. of Stanislaus*, No. 1:21-cv-00841-ADA-SAB, 2023 WL 199200, at *13 (E.D. Cal.
21 Jan. 17, 2023) (collecting cases).

22 Plaintiff attaches the declaration of Attorney Ken I. Ito in support of their request for
23 attorney fees and costs. (Doc. No. 12). Attorney Ito is an associate at the law offices of Hemar,
24 Rousso & Heald, LLP ("HRH"), who is counsel of record for Plaintiff. (*Id*., ¶1). Attorney Ito has
25 more than 11 years of professional experience, specializes in creditor rights and business and
26 commercial litigation, and has been admitted to practice in California since 2011. (Doc. No. 12, ¶
27 9). Based on Attorney Ito's experience, the Court finds a rate of $325.00 per hour to be
28 reasonable for his services.

According to the declaration of Attorney Ito and the corresponding invoice, Attorney Ito expended 8.40 hours of work in relation to this matter until August 16, 2024. (Doc. No. 12 at 5-8). In addition, Attorney Ito declares that "to complete this Motion for Default Judgement, assuming there will be no requirement to appear at the Motion for Default Judgement, it is anticipated and expected that it will take at least 3 hours at a rate of $325.00, for a total of $975.00." (*Id*. at 3). Thus, the total amount of attorney's fees would be $3,152.50. (*Id*.). The Court finds the amount of time billed to be reasonable and not excessive. Further, the Court finds the tasks billed by Attorney Ito to be tasks properly performed by an attorney. The undersigned vacated the hearing on the Motion for Default Judgment. (Doc. No. 13). Thus, the estimated additional hours for final preparation of the instant motion that did not include additional time for a hearing need not be reduced.[3] Based on the foregoing, the undersigned finds the amount of $3,152.00 for 12.4 hours of work by Attorney Ito at a rate of $325.00 per hour to be reasonable. In addition to attorney's fees, Plaintiff seeks the recovery of court costs in the amount of $504.68, which consists of the costs for the Court filing fee and service of process. (Doc. No. 12 at 3). The undersigned finds these costs reasonable.

Accordingly, it is ORDERED:

1. The Clerk assign this case to a district judge for consideration of these Findings and Recommendations.
2. Plaintiff shall mail a copy of these Findings and Recommendations to Defendant at his last known address and file proof of service within fourteen (14) business days of the date of these Findings and Recommendations.

It is further RECOMMENDED:

1. Plaintiff's motion for default judgment (Doc. No. 10) be GRANTED as set forth herein:
    a. Judgment be entered in favor of Plaintiff BMO Harris Bank, N.A. against Defendant Major Singh.

---

[3] Notably, the last billing entry is dated August 16, 2024, and the motion for default and declarations in support was not filed until September 26, 2024. (Doc. No. 11 at 8, Doc. No. 10).

   b. Plaintiff be awarded $92,036.22 in monetary damages.

   c. Plaintiff be awarded interest at contracted rate of $39.36 per day for each day after September 12, 2024 until the entry of final judgment.

   d. Plaintiff be awarded $3,152.50 in attorney fees and $504.68 in costs.

2. Upon sale of the identified Vehicle in a commercially reasonable manner, the money judgment entered herein be credited with the net sales proceeds.

3. The Clerk be directed to CLOSE this case.

<ins>NOTICE TO PARTIES</ins>

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     October 31, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE