UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BMO HARRIS BANK, N.A., | ) | Case No.: 1:24-cv-0740 JLT HBK |
| Plaintiff, | )<br>)<br>) | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IN PART, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | ) | |
| MAJOR SINGH, | )<br>) | |
| Defendant. | ) | (Docs. 10, 15) |
| | ) | |

BMO Harris Bank N.A. seeks to hold Major Singh liable for breach of contract. (*See generally* Doc. 1.) After Defendant failed to answer, the Court entered default against Defendant. (Doc. 8.) Plaintiff now seeks default judgment against Defendant. (Doc. 10.)

The magistrate judge found the Court has diversity jurisdiction over the claims presented and personal jurisdiction over Defendant. (Doc. 15 at 4-5.) The magistrate judge also determined Plaintiff complied with the service requirements under Rule 4 of the Federal Rules of Civil Procedure. (*Id*. at 5-6.) Examining the sufficiency of the complaint, the magistrate judge found Plaintiff alleged sufficient facts to state a claim for breach of contract against Defendant and "submits evidence in support of its damages." (*Id.* at 7.) The magistrate judge determined the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) weighed in favor of default judgment and recommended the motion be granted, with damages

1

1  awarded in the amount of $92,936.22.[1]  (*Id*. at 6-9.)

2  The magistrate judge found Plaintiff is also entitled to an award of attorney fees and costs. (Doc. 15 at 10.)  The magistrate judge found the requested hourly rate of $325 was reasonable based upon the experience of counsel.  (*Id.*)  In addition, the magistrate judge observed: "According to the declaration of Attorney Ito and the corresponding invoice, Attorney Ito expended 8.40 hours of work in relation to this matter until August 16, 2024." (*Id.* at 11.)  The magistrate judge noted Mr. Ito anticipated that it would "take at least 3 hours at a rate of $325" to complete the motion for default judgment, excluding any appearance at a hearing on the motion. (*Id.*)  Because the Court vacated the hearing, the magistrate judge found it was not necessary to deduct the 3 hours that were anticipated from the fee award.  (*Id.*)  The magistrate judge found "the amount of $3,152.00 for 12.4 hours of work by Attorney Ito at a rate of $325.00 per hour to be reasonable." (*Id.*)  Therefore, the magistrate judge recommended the requested fees in the amount of $3,152.00 be awarded. (*Id.*)  In addition, the magistrate judge found costs in the amount of $504.68—which included $405.00 for the court filing fee and $99.68 for service of process—were reasonable and recommended they be awarded.  (*Id.*)

3  The Court served the Findings and Recommendations on Plaintiff and notified the parties that any objections were due within 14 days after service.  (Doc. 15 at 12.)  The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*., citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Plaintiff did not file objections, and the deadline for doing so has passed.

4  According to 28 U.S.C. § 636 (b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes findings related to the Court's jurisdiction, Plaintiff's service of the complaint, and the *Eitel* factors are supported by the record and proper analysis.  Accordingly, the Court adopts the recommendation that Plaintiff be awarded monetary damages in the amount of $92,936.22.  However, Plaintiff's request for attorney's fees

---

[1] It appears there was a scrivener's error in the conclusion of the Findings and Recommendations regarding the damages to be awarded.  However, the analysis correctly indicates the damages total is $92,936.22. (*See* Doc. 15 at 9.)

2

in the amount of $3,152.50 is not supported by the record.

A fee applicant must provide time records documenting the tasks completed and the amount of time spent on the action. *Hensley v. Eckerhart*, 461 U.S. 424, 424(1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).  Plaintiff's records indicate that counsel expended 6.4 hours on this action through August 16, 2024.  (Doc. 12 at 5-8.)  For this time, the submitted records indicate the fees total $2,080.00.  (*Id.* at 8.)  The 8.4 total on the chart referenced by the magistrate judge relates to firm *units*—not simply billed hours—and includes 1.0 unit at the rate of $405.00 (for the filing fee) and 1.0 unit at the rate of $99.68 (for service), as well as the 6.4 units at the rate of $325 (for hours worked).  (*Id.* at 5, 8.)  The billing records indicate the total for the 8.4 units is $2,584.68.  (*Id.* at 8.)  Although Mr. Ito anticipated 3 additional hours related to the pending motion (Doc. 12 at 3, ¶ 7), there is no evidence to support this estimate.  The Court declines to speculate as to time related to this motion simply because Plaintiff elected to not submit billing records through the motion's filing date of September 26, 2024.  Instead, the fee award is limited to the established 6.4 hours, which was reasonable for the tasks completed.  (*See* Doc. 12 at 5-8.)  Applying the requested hourly rate of $325, which the Court agrees is reasonable here, Plaintiff is entitled to the modified fee award of $2,080.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued October 31, 2024 (Doc. 15) are **ADOPTED** in part.
2. Plaintiff's motion for default judgment (Doc. 10) is **GRANTED** in part.
3. Plaintiff is **AWARDED** monetary damages in the amount of **$92,936.22**.
4. Plaintiff is **AWARDED** interest at the contracted daily rate of $39.36 for each day after September 12, 2024.
5. Plaintiff's request for fees and costs is **GRANTED**, in the modified amount of $2,080.00 in attorney fees and $504.68 in costs, for a total of **$2,584.68**.
6. Upon recovery and sale of the identified vehicle in a commercially reasonable manner, Plaintiff **SHALL** credit the net sale proceeds of the vehicle toward the monetary judgment awarded herein.

7. The Clerk of Court is directed to enter judgment in favor of Plaintiff BMO Harris Bank, N.A. and against Defendant Major Singh, and to close this case.

IT IS SO ORDERED.

Dated: __November 20, 2024__                                   /s/ Jennifer L. Thurston
                                                                                    UNITED STATES DISTRICT JUDGE